CLEMENCE BORDEN and WILLIAM L. BORDEN, appellants,

*v.*

CLARENCE WHITE, respondent.

Respondent held a bond and mortgage on a farm of the appellants, and lived with them in the farm-house for about five years, under an agreement that they should board and take care of him there for the interest on the mortgage. Then, just after his recovery from a severe illness, and while he was yet feeble, under appellant's wife's alleged persuasion he assigned the bond and mortgage to her, under an agreement that he should be provided with a home there and maintenance during his lifetime. He did remain there, under those conditions, for seven years, and was then expelled from the premises and forbidden to return —*Held,* that the assignment should be annulled, as fraudulently obtained, and the appellants ordered to deliver the bond and mortgage to respondent, who must credit thereon whatever money is justly due them as compensation for his maintenance, &c.

On appeal from a decree of the Chancellor, who filed the following opinion :

This suit is brought to set aside an assignment made by the complainant, April 26th, 1879, to the defendant Clemence Borden, of a bond and mortgage. The bond and mortgage were given to the complainant on the 12th of January, 1874, the bond by Borden and the mortgage by him and his wife upon real estate of his in Shrewsbury township, in Monmouth county. The instruments were given to secure the payment of $2,700 then lent by the complainant to Borden, in one year, with interest at the rate of seven per cent. per annum. The bill states that about the 1st of April, 1874, an agreement was made by and between the complainant (who was an elderly single man) and the Bordens, that the latter would board the complainant in their

house, which was upon the mortgaged premises, and do his washing and take care of him in sickness, in consideration of the interest upon the bond and mortgage; he to furnish his room; that he boarded with the defendants under that agreement from the 1st of April, 1874, until April 25th, 1879, when induced, as he alleges, by the persuasion of Mrs. Borden, he having then just recovered from a severe illness, and being weak in body and mind, he assigned the bond and mortgage to her in consideration of an agreement then made by her with him to provide him a home and maintain him in the family during all the rest of his life; that he continued to live with them under that agreement until the 12th of June, 1886, when Borden and his wife refused him admittance to their house and told him that he must seek a home elsewhere; that he was then compelled to find another place of abode; that he is fifty-four years old and is weak and sickly and unable to work or to support himself, and that he is without means or property, except the bond and mortgage, and is homeless and dependent upon his friends for support. The bill prays that the assignment may be set aside as having been obtained by fraud, and that the amount due Borden for the complainant's board &c., from April 25th, 1879, the date of the assignment, to June 12th, 1886, when the Bordens refused to support him longer, may be credited on the bond and mortgage.

The defendants, by their answer, which is under oath, in pursuance of the requirement of the bill, deny that they, or either of them, agreed to board the complainant and do his washing and take care of him in sickness, in consideration of the interest upon the bond and mortgage, and they deny that they or either of them ever agreed to support him for life in consideration of the assignment of the bond and mortgage; but they allege that the consideration of the assignment was money which he then owed to them, and money which he expected to and did in fact afterwards owe them for board, and for money paid by Borden to or for him, and for his benefit, and that the money so due for board and the money so paid together amounted to the sum due upon the bond and mortgage, and that, although the defendants

Borden v. White.

boarded him after the making of the assignment, they did so not from obligation on their part, but merely from benevolence and friendship.

The evidence establishes the truth of the complainant's allegation that he went to board and boarded with the defendants as and under the agreement stated in the bill. Opposed to the defendants' denial is the complainant's testimony on the subject, which is corroborated by the circumstance that Borden never made any charge against the complainant for board or washing or care in sickness, but took a receipt from him upon the bond, under date of the 12th of January, in each year, from the date of the mortgage up to 1879 (in which year the last one was taken), for the interest for the preceding year. For such receipts he paid nothing, and he had no accounting with the complainant, and never called upon him to pay anything more. Had there been no agreement between the complainant and Borden that the interest should pay for the board, it is reasonable to presume that Borden would have insisted upon a credit upon the principal of the bond and mortgage of whatever was due to him above the amount of interest. The conduct of Borden in the transaction has been consistent only with the existence of the agreement. The Bordens have no claim against the complainant for board or washing or care in sickness up to the date of the assignment, and on the other hand it will be held that the interest on the bond and mortgage is paid up to that date.

The bill alleges that the complainant was induced by Mrs. Borden's persuasion to assign the bond and mortgage to her, and that the consideration of the assignment was an agreement that she would provide him a home and maintain him in the family for life. The answer denies, as before stated, that such an agreement was made, and it denies that the complainant was induced to make the assignment by the persuasion of Mrs. Borden, but it alleges that money due to Borden from the complainant for board, and money advanced by the former to the latter, of which Borden had kept no account, and which exceeded $1,200, constituted the true consideration of the assignment. In his testimony Borden says that the complainant then owed him

for board, to June 12th, 1886, $3,170, and for money advanced, more than $1,200. So that, according to the answer, the complainant owed Borden at the date of the assignment over $4,370. In fact, as already appears, he owed him nothing for board up to that time, and there is no satisfactory evidence that he owed him anything at that time for money advanced. In his testimony Borden says that he can safely say that the money which he has paid'out for the complainant will amount to $500. But in the answer he said it was, at the time when the assignment was made, over $1,200. Moreover, the $500 includes $152.22 paid by him to William W. Clayton, at the request of the complainant, in January, 1880, after the assignment was made, and which he says he did not, when the assignment was made, promise to pay. While he says that an agreement for the future support of the complainant was no part of the consideration of the assignment, he nevertheless boarded the complainant afterwards without charge. He says he did not do so pursuant to any understanding, but did it gratuitously, and he adds that he expected so to keep him so long as the complainant should conduct himself properly. The defendants admit that they refused to keep him as stated in the bill, and that they give no proof of any reason for doing so.

The complainant says that Mrs. Borden urged him to make the assignment because she was apprehensive that "some one would sell the mortgage from them." She probably expressed an apprehension that the mortgage would get into the hands of some one who would foreclose it. She does not deny this allegation, but corroborates the complainant in the statement by saying that he said to her that he "would fix her so that she need never worry about it."

It is quite clear that the assignment was obtained from the complainant when he was feeble in mind and body, and under circumstances which should induce the court to annul it. It will be set aside as having been fraudulently obtained, and it will be decreed that the defendants deliver the bond and mortgage to the complainant, but he will be required to credit thereon whatever shall appear to be justly due to the Bordens

Beekman *v.* Reeve.

for board and washing and care in sickness since the assignment, and· for money advanced.

There will be an account as prayed in the bill.

The complainant is entitled to costs.

*Mr. James Steen,* for appellants

*Mr. D. H. Applegate,* for respondent.

PER CURIAM.

This decree affirmed, for the reasons given by the Chancellor.

For affirmance—THE CHANCELLOR, CHIEF-JUSTICE, DEPUE, KNAPP, SCUDDER, VAN SYCKEL, CLEMENT, MCGREGOR, WHITAKER—9

For reversal—DIXON, MAGIE, REED, BROWN, COLE, PATERSON—6.